**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>      Plaintiff,<br><br>  vs.<br><br>SONY GROUP CORPORATION,<br>SONY CORPORATION OF AMERICA, and<br>SONY ELECTRONICS INC.,<br><br>      Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Cerence Operating Company ("Cerence" or "Plaintiff") brings this action against Defendants Sony Group Corporation, Sony Corporation of America, and Sony Electronics Inc. (collectively, "Sony" or "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendants' unauthorized and ongoing actions of making, having made, using, selling, having sold, offering to sell, importing, and/or having imported into the United States products that infringe or enable the infringement of one or more claims of United States Patent No. 7,840,579 (the "579 Patent"), United States Patent No. 7,894,598 (the "598 Patent"), United States Patent No. 8,819,810 (the "810 Patent"), and United States Patent No. 9,171,541 (the "541 Patent") including, without limitation, televisions with smart features and functionality (the "Accused Products").

## I. THE PARTIES

2. Plaintiff Cerence is a wholly owned subsidiary of Cerence Inc. Cerence is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 25 Mall Road, Suite 416, Burlington, Massachusetts.

3. On information and belief, Defendant Sony Group Corporation is a corporation organized and existing under the laws of Japan with a principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. On information and belief, Sony Group Corporation is the ultimate parent of and/or controls the other Sony Defendants and is responsible for the infringing activities identified in this Complaint. Sony may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

4. On information and belief, Defendant Sony Corporation of America is a corporation organized and existing under the laws of the state of New York with a principal place of business at 25 Madison Avenue, New York, New York 10010. On information and belief, Sony Corporation of America is a subsidiary of and/or controlled by Sony Group Corporation. On information and belief, Sony Corporation of America is involved with selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.

5. On information and belief, Defendant Sony Electronics Inc. is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 16535 Via Esprillo, San Diego, California 92127. On information and belief, Sony Electronics Inc. is a subsidiary of and/or controlled by Sony Group Corporation. On information and belief, Sony Electronics Inc. is involved with selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products. Sony Electronics Inc. may

be served with process through its registered agent in Texas care of Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. On information and belief, Defendants, including by or through their affiliates and corporate relatives, are in the business of developing, making, offering for sale, selling, importing, distributing, and/or supporting Accused Products that are manufactured outside of the United States.

7. On information and belief, the Accused Products are manufactured, assembled, and/or tested abroad prior to importation into the United States. Defendants have sold, imported, and distributed, and continue to sell, import, and distribute the Accused Products into the United States.

8. Defendants offer and sell their products and services, including the Accused Products, to customers and potential customers located in the Eastern District of Texas.

## II.     JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

10. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity among the parties exists, and the amount in controversy exceeds $75,000.

11. Defendants are subject to this Court's jurisdiction pursuant to due process and the Texas Long Arm Statute due at least to their substantial business in this State and District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

12. This Court has personal jurisdiction over Defendants because they have, directly and/or through agents and/or intermediaries, committed acts and continue to commit acts of

patent infringement, including within Texas, giving rise to this action and have established minimum contacts with Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants, directly and/or indirectly at least through agents and intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, selling, offering to sell, and importing the Accused Products.

13. On information and belief, Defendants regularly conduct business in Texas, including in this District, and purposefully avail themselves of the privileges of conducting business in Texas and this District. In particular, on information and belief, Defendants, and/or their agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in Texas and this District, including but not limited to the Accused Products, sufficient to give rise to jurisdiction.

14. On information and belief, Defendants have placed and continue to place Accused Products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the United States, including in Texas and specifically including in this District.

15. On information and belief, Defendants derive substantial revenue from the sale of Accused Products distributed within Texas, including within this District, and/or expect or should reasonably expect their actions to have consequences in Texas. In addition, on information and belief, Defendants knowingly induce, and continue to knowingly induce, infringement of the Asserted Patents within Texas and within this District by offering for sale, selling, and/or contracting with others to market Accused Products with the intent to facilitate

infringing use of the products by others and by creating and/or disseminating product information and other materials providing instruction for infringing use.

16. Defendants' infringing activity has led to foreseeable harm and injury to Cerence.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and § 1400. Defendant Sony Group Corporation is not resident in the United States, and thus venue is proper in any judicial district. *See, e.g.*, *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendants Sony Corporation of America and Sony Electronics Inc. are registered to do business in Texas and, upon information and belief, have transacted business in this District, have committed acts of infringement in this District, and have regular and established places of business in this District, including at least at 2800 Central Expressway, Plano, Texas 75074 and 3333 Preston Road #00200, Frisco, Texas 75034.

### III.    BACKGROUND

18. Cerence is a global leader in providing automotive virtual assistant technology, primarily focusing on user interaction (UX) technology that improves and refines a user's mobility experience by creating flexible and intuitive experiences for the world's leading mobility OEMs and automakers.

19. Cerence was spun out from Nuance Communications, Inc. (Nuance), a leading provider of speech and language solutions for businesses and consumers around the world. Cerence became a separate public company in October of 2019, trading on the Nasdaq Global Select Market under the ticker symbol CRNC.  From the outset, Cerence focused its assistant software platform on its many optimization techniques and tools for improving automatic speech recognition including conversational AI tools.

20. Cerence builds AI powered virtual assistants that have been implemented most frequently in the mobility/transportation market.  Cerence's solutions power natural

conversational and intuitive interactions between vehicles, drivers, and passengers, and the broader digital world. Cerence has provided AI powered assistants and innovations for connected and autonomous vehicles, including one of the world's most popular software platforms for building automotive virtual assistants. Cerence customers include nearly all major automobile original equipment manufacturers, or OEMs, or their tier 1 suppliers worldwide, including, *e.g.*, Ford, GM, Toyota, Visteon, and Harman.

21. The Cerence platform utilizes industry-leading speech recognition, natural language understanding, speech signal enhancement, text-to-speech, and acoustic modeling technology to provide a conversational AI-based solution. Virtual assistants built with the Cerence platform enable a wide variety of modes of human-vehicle interaction, including speech, touch, handwriting, gaze tracking, and gesture recognition, and can support the integration of third-party virtual assistants.

22. The market for automotive cognitive assistants in which Cerence functions is rapidly expanding beyond the automotive markets. The proliferation of smartphones and smart speakers has encouraged consumers to rely on a growing number of virtual assistants and special-purpose bots for various tasks such as controlling entertainment systems and checking the news. This technology has pushed into home entertainment systems centered around smart televisions that allow a user to interact with increasing control over desired content, predictive content, voice controls for various applications, and volume control.

23. Cerence has been innovating in this space for over 20 years and currently holds more than 600 patents, many of which relate to aspects of automatic speech recognition, predictive text, and volume adjustment/support in speech activated systems.

## IV.   COUNT I
### (Infringement of U.S. Patent No. 7,840,579)

24. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,840,579, titled "Mobile Device Retrieval and Navigation." The 579 Patent was duly and legally issued by the United States Patent and Trademark Office on November 23, 2010. A true and correct copy of the 579 Patent is attached as Exhibit 1.

26. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 579 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 579 Patent, including but not limited to the Accused Products, such as the exemplary Sony BRAVIA 8 II 65" Class QD-OLED 4K HDR – K-65XR80M2, in violation of 35 U.S.C. § 271(a).

27. A claim chart applying the independent asserted claims of the 579 Patent to an exemplary infringing Accused Product is attached as Exhibit 2.

28. On information and belief, at least as of the filing date of this Complaint and with knowledge of the 579 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 579 Patent in violation of 35 U.S.C. § 371(b). Sony has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 579 Patent by,

among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.

29. In addition, Sony has indirectly infringed and continues to indirectly infringe the 579 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 579 Patent. The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

30. On information and belief, Sony's infringement of the 579 Patent is and has been willful.

## V.    COUNT II
### (Infringement of U.S. Patent No. 7,894,598)

31. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,894,598, titled "System for Limiting Received Audio." The 598 Patent was duly and legally issued by the United States Patent and Trademark Office on February 22, 2011. A true and correct copy of the 598 Patent is attached as Exhibit 3.

33. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 598 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 598 Patent, including but not limited to the Accused Products, such as the exemplary Sony BRAVIA 8 II 65" Class QD-OLED 4K HDR – K-65XR80M2, in violation of 35 U.S.C. § 271(a).

34. A claim chart applying the independent asserted claims of the 598 Patent to an exemplary infringing Accused Product is attached as Exhibit 4.

35. On information and belief, at least as of the filing date of this Complaint and with knowledge of the 598 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 598 Patent in violation of 35 U.S.C. § 371(b). Sony has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 598 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[1]

36. In addition, Sony has indirectly infringed and continues to indirectly infringe the 598 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 598 Patent. The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

37. On information and belief, Sony's infringement of the 598 Patent is and has been willful.

## VI.    COUNT III
### (Infringement of U.S. Patent No. 8,819,810)

38. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

---

[1] *See, e.g.*, https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

39.     Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,819,810, titled "System for Processing Microphone Signals to Provide an Output Signal with Reduced Interference."  The 810 Patent was duly and legally issued by the United States Patent and Trademark Office on May 29, 2012.  A true and correct copy of the 810 Patent is attached as Exhibit 5.

40.     Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 810 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 810 Patent, including but not limited to the Accused Products, such as the exemplary Sony BRAVIA 8 II 65" Class QD-OLED 4K HDR – K-65XR80M2, in violation of 35 U.S.C. § 271(a).

41.     A claim chart applying the independent asserted claims of the 810 Patent to an exemplary infringing Accused Product is attached as Exhibit 6.

42.     On information and belief, at least as of the filing date of this Complaint and with knowledge of the 810 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 810 Patent in violation of 35 U.S.C. § 371(b).  Sony has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 810 Patent by,

among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[2]

43. In addition, Sony has indirectly infringed and continues to indirectly infringe the 810 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 810 Patent. The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

44. On information and belief, Sony's infringement of the 810 Patent is and has been willful.

## VII.  COUNT IV
### (Infringement of U.S. Patent No. 9,171,541)

45. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

46. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,171,541, titled "System and Method for Hybrid Processing in a Natural Language Voice Services Environment." The 541 Patent was duly and legally issued by the United States Patent and Trademark Office on October 27, 2015. A true and correct copy of the 541 Patent is attached as Exhibit 7.

47. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 541 Patent in the state of Texas, in

---

[2] *See, e.g.*, https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 541 Patent, including but not limited to the Accused Products, such as the exemplary Sony BRAVIA 8 II 65" Class QD-OLED 4K HDR – K-65XR80M2, in violation of 35 U.S.C. § 271(a).

48. A claim chart applying the independent asserted claims of the 541 Patent to an exemplary infringing Accused Product is attached as Exhibit 8.

49. On information and belief, at least as of the filing date of this Complaint and with knowledge of the 541 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 541 Patent in violation of 35 U.S.C. § 371(b). Sony has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 541 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[3]

50. In addition, Sony has indirectly infringed and continues to indirectly infringe the 541 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 541 Patent. The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

---

[3] *See, e.g.*, https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

51. On information and belief, Sony's infringement of the 541 Patent is and has been willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Cerence respectfully requests that the Court:

A. Enter a judgment that Sony has infringed and continues to infringe one or more claims of each of the Asserted Patents;

B. Enter a judgment that Defendants' infringement is and has been willful;

C. Permanently enjoin Defendants, their parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Asserted Patents;

D. Order an award of damages to Cerence in an amount no less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

E. Order and award trebling damages to Cerence for willful infringement under 35 U.S.C. § 284;

F. Find that this case is exceptional and award Cerence its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285; and

G. Grant such other and further relief as the Court may deem proper and just.

## VIII. DEMAND FOR JURY TRIAL

52. Plaintiff hereby demands a jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Date:  August 1, 2025

Respectfully submitted,

 */s/ Charles D. Baker*
Charles D. Baker
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, TX 77002
Tel:  713.226.1200
Fax:  214.223.3717
Emails:  charles.baker@troutman.com

William Belanger*
Alison McCarthy*
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue
Boston, Massachusetts 02129
Tel:  617.239.0100
Fax: 617.227.4420
Emails:  william.belanger@troutman.com
             alison.mccarthy@troutman.com

Puja Patel Lea*
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N. W., Suite 1000
Washington, D.C. 20004
Tel:  202.274.2950
Fax:  202.274.2994
Email:  puja.lea@troutman.com

Ryan C. Deck*
TROUTMAN PEPPER LOCKE LLP
104 Carnegie Center, Suite 203
Princeton, New Jersey 08540
Tel:  609.452.0808
Fax:  609.452.1147
Email:  ryan.deck@troutman.com

Haden Marrs*
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Tel:  404.885.3865
Fax: 404.885.3995
Email:  haden.marrs@troutman.com

*Pro Hac Vice to be filed*

**Counsel for Plaintiff**
**Cerence Operating Company**